IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PENSIONPLAN OF THE PACIFIC**
**NORTHWEST LABORATORIES, BATTELLE**
**MEMORIAL INSTITUTE,**

      **Plaintiff,**

  vs.                                      Civil Action 2:14-cv-218
                                            Magistrate Judge King

**MARIA ORANGE-DOUGLAS,** *et al.***,**

      **Defendants.**

## ORDER

    This is an action in interpleader to determine which of the defendants, *i.e.,* decedent's surviving spouse or surviving son, is entitled to benefits under plaintiff's pension plan.  Defendants Maria Orange-Douglas and Michael Johnson, each of whom is proceeding *pro se*, have asserted claims to the benefits.

    On September 22, 2014, defendant Maria Orange-Douglas was assessed a monetary sanction as a consequence of her failure to comply with the Court's procedures governing Settlement Week.  *Opinion and Order*, ECF 19.  This matter is now before the Court on defendant Michael Johnson's motion seeking judgment by default against defendant Maria Orange-Douglas because of her "continued disregard for court ordered procedures and failure to appear at mediation."  ECF 20.  Defendant Michael Johnson's motion is not well taken.

    Rule 16 of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with an order of the court.  Fed. R. Civ. P. 16(f)(1)(C). Available sanctions include the entry of the default against the disobedient party.  *Id*. (citing Fed.

R. Civ. P. 37(b)(2)(A)(vi)). However, such a harsh sanction should be entered "'only in extreme situations showing a clear record of contumacious conduct by the'" party. *Schafer v. City of Defiance Police Depart.*, 529 F.3d 731, 736 (6th Cir. 2008)(quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)(internal citations omitted). A court must consider whether the party's failure to comply was due to willfulness, bad faith, or fault; whether the opposing party was prejudiced; whether the party against whom the sanction is sought was warned that failure to comply could lead to the entry of default; and whether less drastic sanctions have been imposed. *See Knoll*, at 363. *See Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366 (6th Cir. 1997).

Defendant Maria Orange-Douglas failed to comply with the Court's General Order on Settlement Week and the Court's referral of this case to Settlement Week mediation, but she has not otherwise failed to participate in this action. It is not apparent that she has disregarded any other order of the Court.  Defendant Maria Orange-Douglas was assessed a monetary sanction of $100.00 as a consequence of her failure to comply with the Court's procedures governing Settlement Week, *Opinion and Order*, ECF 19, and she has demonstrated on the record that she has paid the sanction.  ECF 21.  The Court previously concluded that

> a sanction in the amount of $100 will sufficiently enforce the Court's Settlement Week procedures, will deter defendant Orange-Douglas and other litigants from future violations of those procedures, and will help in some measure to defray the expense suffered by defendant Johnson as a consequence of defendant Orange-Douglas' failure to comply with those procedures.

*Opinion and Order*, ECF 19.  The Court therefore concludes that it is

2

unnecessary and, indeed, would be improper, to impose a sanction as harsh as the entry of default judgment against this defendant.

Defendant Michael Douglas's motion for entry of default judgment, ECF 20, is therefore **DENIED**.


November 5, 2014                             *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge

3