```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**PENSIONPLAN OF THE PACIFIC
NORTHWEST LABORATORIES, BATTELLE
MEMORIAL INSTITUTE,**

        **Plaintiff,**

  vs.                                          Civil Action 2:14-cv-218
                                                      Magistrate Judge King

**MARIA ORANGE-DOUGLAS,** *et al.***,**

        **Defendants.**

## OPINION AND ORDER

This is an action in interpleader to determine which of the defendants, decedent's surviving spouse or surviving son, is entitled to benefits under plaintiff's pension plan. Defendants Maria Orange-Douglas and Michael Johnson, who are each proceeding *pro se*, have asserted claims to the benefits.

With the consent of the parties, see 28 U.S.C. § 636(c), this matter is now before the Court on defendant Johnson's *Motion for Summary Judgment*, ECF 24.

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Pursuant to Rule 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." *Id*. In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

Defendant Johnson's *Motion for Summary Judgment* does not provide a basis for granting summary judgment. A party seeking summary judgment must cite to particular materials in the record to demonstrate that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See*

2

Fed. R. Civ. P. 56(a), (c).  This means that a party seeking summary judgment must provide the documents that the Court will have to construe to make a decision on the merits of the case.  In this particular case, resolution of the issues presented will require consideration of, at a minimum, a copy of the relevant portions of the pension plan.[1]  The parties may, of course, also provide other appropriate evidence in support of, or in response to, a motion for summary judgment. *See* Fed. R. Civ. P. 56(c).

Because defendant Johnson's *Motion for Summary Judgment* does not provide a copy of the relevant pension plan documents for the Court's consideration, that *Motion for Summary Judgment*, ECF 24, is **DENIED**.

Because both defendants are proceeding without the assistance of counsel, this denial is without prejudice to the filing of additional motions for summary judgment. The *Preliminary Pretrial Order*, ECF 9, requires that motions for summary judgment be filed by January 15, 2015; the parties may have until February 2, 2015 to file motions for summary judgment.

Defendants are advised that they have twenty-four days to oppose any motion filed by any other party and that their failure to respond to a motion is likely to result in the grant of that motion.

January 13, 2015                                 *s/Norah McCann King*
                                                    Norah M<sup>c</sup>Cann King
                                               United States Magistrate Judge

---

[1] The record appears to include beneficiary designation forms. *See* Exhibit A, attached to *Answer and Crossclaim*, ECF 8; Documents attached to *Motion for Summary Judgment*, PageID# 72-73.

3